IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,              )
                                       )
          Plaintiff,                   )    CRIMINAL NO. 25-mJ-8242-GCS
                                       )
                                       )    Title 21, United States Code, Sections
                                       )    841(a)(1) and (b)(1)(C).
vs.                                    )
                                       )
ANDRES FELIPE SALAZAR LOPEZ,           )    UNDER SEAL
                                       )
          Defendant.                   )
                                       )

## CRIMINAL COMPLAINT

I, Bradley Dixon, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

### COUNT 1
#### ATTEMPTED DISTRIBUTION OF CONTROLLED SUBSTANCE: COCAINE

On or about July 22, 2025, in Madison County, within the Southern District of Illinois,

**ANDRES FELIPE SALAZAR LOPEZ,**

defendant herein, did knowingly and intentionally attempt to distribute a controlled substance, to wit: Cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### AFFIDAVIT

1.      I, Bradley Dixon, have been employed as a Special Agent by the Drug Enforcement Administration (DEA) since February 2017. My formal education includes a Bachelor of Science in Criminal Justice with a Minor in Business Management, and a Master of Arts in Global Studies and a Graduate Certificate in Homeland Security and Defense. My formal law enforcement

training includes successfully completing the DEA Basic Agent Training course at the DEA academy in Quantico, Virginia. I am currently assigned to the Fairview Heights Resident Office (FHRO) where I am assigned to a DEA federal task force. My prior assignments as a DEA Special Agent include the Portland (Oregon) District Office (PDO) and the Quito (Ecuador) Country Office (QCO). Prior to my assignment at the QCO, I completed a 600-hour Spanish language training course resulting in an Interagency Language Roundtable (ILR) speaking/listening/reading proficiency of 2 (ILR-2), and have a current proficiency of at least ILR-2+.

2.      I have participated in dozens of drug investigations as either the lead case agent or as a supporting investigative agent – including investigations involving controlled purchase operations, vehicle tracking, cell phone geo-location techniques, cell-site simulators, pen register/trap and trace orders, and Title III wiretaps. I have interviewed and operated informants, interviewed witnesses, executed search warrants, arrested and interviewed subjects involved in the smuggling and distribution of narcotics and narcotics proceeds, conducted physical surveillance, utilized electronic and video surveillance, and engaged in undercover communications. I have also worked with and consulted numerous agents and law enforcement officers who have investigated drug trafficking offenses. As a result, I and agents assisting in this investigation are familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations ("DTOs") to purchase, transport, store, and distribute drugs and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers.

3.      The statements contained in this affidavit are based on my investigation, as well as information derived from reports and interviews of the law enforcement officers and witnesses

2

named herein. This affidavit is meant to state facts sufficient to support a finding of probable cause that the named defendant committed the charged offense and is not meant to contain a complete record of the entire investigation to-date. In support of this Complaint, I state as follows:

4.      In July 2025, Agents identified Andres Felipe Salazar Lopez (hereinafter "Salazar") as a cocaine distributor operating in the Saint Louis Metropolitan Area, including in Missouri and Southern Illinois.

5.      In July 2025, a DEA Undercover Investigator (the "UC") communicated with Salazar as a drug customer through text messages with Salazar's Phone. On July 17, 2025, UC and Salazar exchanged a series of text messages about the cost of various quantities of cocaine.

6.      This series of text messages between July 17 and July 22, led up to a deal to sell cocaine on *July 22, 2025*. That day, the UC engaged in communications with Salazar. The UC arranged for Salazar to deliver four (4) ounces of cocaine to the UC at a public parking lot in the Granite City, Illinois area. Specifically, the UC and Salazar exchanged the following text messages:

| | |
|---|---|
| UC: | *What's up, Papa? How's it going?* |
| SALAZAR: | Tell me, all good. |
| UC: | *Is it possible to get 4 for $4,000?* |
| UC: | *I have money boss.* |
| UC: | *[Photo of bundled money]* |
| UC: | *And erase the photo please.* |
| SALAZAR: | Let me ask if there's 4 available right now. |
| UC: | *Okay. Let me know Papa.* |
| SALAZAR: | Yes. |
| SALAZAR: | 4 at $4,000. |

7.      After UC and Salazar agreed on an amount and the price, UC and Salazar agreed to meet at 3321 IL 111 in Granite City, Illinois. Agents monitored Salazar's progress to the meet

3

location. Meanwhile, Salazar and the UC continued to text about their arrival times. Agents observed Salazar arrive at the meet location at the same time as Salazar confirmed his arrival to the UC via text message.

8.    Agents noted that as Salazar traveled to the Granite City meet location, Salazar stopped briefly. Based upon the text messages between Salazar and the UC, Affiant believes Salazar was picking up the cocaine from his source of supply.

9.    Upon observing Salazar arrive at the Granite City location, Agents converged on Salazar's truck with red and blue police lights activated. All Agents were wearing police gear labeled "Police" and announced themselves loudly as "Police!" Agents approached the truck and attempted contact with Salazar – the driver and only occupant of the truck. Salazar refused to open his door and began driving forward and around Agents' vehicles. Salazar fled in his truck.

10.    On August 28, 2025, Agents established surveillance at Salazar's residence. There, Agents observed Salazar arrive in his driveway in a white sedan, then exit the sedan. Upon Salazar exiting the sedan, Agents converged on Salazar's location with red and blue police lights activated. Agents were wearing police gear labeled "Police" and announced themselves loudly as "Police!" Salazar then re-entered the sedan and began maneuvering the vehicle out of the driveway. In doing so, Salazar struck one of the Agents' vehicles, then maneuvered out and fled again.

11.    Agents approached Salazar's residence and spoke with his significant other. She assisted law enforcement in convincing him to return. Salazar returned to the residence and was taken into custody without further incident.

12.    While in custody, I read Salazar his rights per Miranda in both Spanish and English in the presence of other Agents. After each reading, Salazar acknowledged that he understood his

4

rights. I asked Salazar for his cooperation and through the course of his post-arrest interview process, Salazar admitted to attempting to deliver four (4) ounces of cocaine to the UC on July 22, 2025, in Granite City, Illinois, which is within Madison County, Illinois, within the Southern District of Illinois. Salazar consented to a search of his truck, which was parked outside his residence. There, Agents found an additional small quantity of cocaine, which field tested presumptive positive for cocaine.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Bradley Dixon,
Special Agent, DEA

Jennifer Hudson
Jennifer Hudson
Assistant United States Attorney

State of Illinois       )
                        )   SS.
County of St. Clair     )

Sworn to and subscribed on the 29th day of August, 2025.

The Honorable Gilbert C. Sison
United States Magistrate Judge

5